FILED



2012 JUL -2  AM 11: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9
10 Attorneys for Plaintiff, David Roberts
11
12
13                    UNITED STATES DISTRICT COURT
14                   CENTRAL DISTRICT OF CALIFORNIA
                            WESTERN DIVISION
15
16
17 David Roberts,                    Case No.: CV 12-5710 -JEM
18            Plaintiff,             **COMPLAINT FOR DAMAGES**
19                                   **1. VIOLATION OF FAIR DEBT**
        vs.                          **COLLECTION PRACTICES ACT,**
20                                   **15 U.S.C. § 1692 ET. SEQ;**
21 Enhanced Recovery Company, LLC; and **2. VIOLATION OF FAIR DEBT**
   DOES 1-10, inclusive,            **COLLECTION PRATICES ACT,**
22                                   **CAL.CIV.CODE § 1788 ET. SEQ.**
23            Defendants.
                                     **JURY TRIAL DEMANDED**
24
25
26
27
28
                                              COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, David Roberts, by undersigned counsel, states as follows:

## **JURISDICTION**

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4.      The Plaintiff, David Roberts (hereafter "Plaintiff"), is an adult individual residing in La Puente, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Enhanced Recovery Company, LLC ("Enhanced"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      An unknown consumer (the "Debtor") allegedly incurred a financial obligation (the "Debt") to creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Enhanced Engages in Harassment and Abusive Tactics**

12.     Within the last year, Enhanced contacted Plaintiff in an attempt to collect the Debt.

COMPLAINT FOR DAMAGES

13.     Plaintiff is not the Debtor.

14.     Enhanced placed daily calls to Plaintiff's residential telephone in an attempt to collect the Debt from Jaime Morales ("the Debtor").

15.     Enhanced employed automated dialers with pre-recorded messages to place calls to Plaintiff in an attempt to collect the Debt.

16.     Every time Plaintiff answered the phone in an attempt to get the calls to cease; however, there was never a live person on the line with whom Plaintiff could speak.

17.     On numerous occasions, Plaintiff called Enhanced and informed Enhanced that he was not the Debtor, that he did not know the Debtor, and that Plaintiff requested that his telephone number be removed from their system. Each time Plaintiff spoke with Enhanced, he was assured that the calls would cease.

18.     However, despite being informed of the foregoing, Enhanced continued calling Plaintiff at an excessive and harassing rate as aforementioned, causing Plaintiff to feel frustrated.

C.     **Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>
<u>**15 U.S.C. § 1692, et seq.**</u>

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

29.     Enhanced Recovery Company, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

30.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

31.     The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

32.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

33.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

37.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

38.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT IV**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41.     California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

42.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with above referenced telephone calls.

43.     The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

44.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

46.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

48.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

49.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

50.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

51.     Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

52.     Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

53.    Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 2, 2012     TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, David Roberts

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| David Roberts<br><br>PLAINTIFF(S)<br><br>v.<br><br>Enhanced Recovery Company, LLC; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | **CV 12-5710** ~JEM<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):    Enhanced Recovery Company, LLC

A lawsuit has been filed against you.

Within    21    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, Lemberg & Associates, whose address is 6404 Merlin Drive, Carlsbad, CA 92011.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    JUL - 2 2012

By: _____
                Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*